Taal v. Zwirner, et al.                    CV-02-131-M    03/10/03
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Baboucar B. Taal
and Guylaine L. Taal,
     Plaintiffs

     v.                                    Civil No. 02-131-M
                                           Opinion No. 2003 DNH 034
Patricia Zwirner, Kim Lacey, and
State Farm Mutual Auto Insurance Co.,
     Defendants


                          O R D E R


     Pro se plaintiffs, Baboucar and Guylaine Taal, claim that

defendants conspired to interfere with their civil rights, 42

U.S.C. § 1985(3), and violated provisions of the Fair Housing Act

("FHA"), 42 U.S.C. § 3601, et seq.


     Plaintiffs have filed more than a dozen motions, including

several motions to strike, two motions for default judgment, a

"motion for estoppel objection," and two "emergency motion[s] for

issuance of subpoenas."  They have also filed notice of two

interlocutory appeals.  To date, with the exception of a motion

to amend the complaint, none of the motions filed by plaintiffs

has had any merit.  Although pro se litigants cannot be expected

to practice at a level acceptable for licensed attorneys, these plaintiffs, though energetic, are proving particularly unhelpful to themselves and are placing more than the usual burden upon opposing counsel who must respond to their prolific filings.

State Farm Mutual Auto Insurance Company ("State Farm"), seeks an early exit from this litigation, and so moves for summary judgment. Also pending are several motions for miscellaneous relief, primarily related to ongoing discovery disputes.

## Standard of Review

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and

2

a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Nevertheless, if the non-moving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted). As the Court of Appeals for the First Circuit has observed, "the evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial. Conclusory allegations, improbable inferences, and unsupported speculation will not suffice." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997) (citations and internal quotation marks omitted).

## Discussion

I.   State Farm's Motion for Summary Judgment.

Although plaintiffs' complaint is not a model of detail or clarity, it is still possible to glean from it, and other submissions made by plaintiffs, the general nature of their claim against State Farm.  Plaintiffs allege that State Farm conspired with its insureds, the Zwirners (and its employee, Patricia Zwirner), to (somehow) deprive the plaintiffs of various federally protected rights:

> Defendants Zwirners engaged in these acts of [r]acial [h]arassment, and [i]ntimidation with full knowledge of State Farm Insurance Co.[,] their employer and insurer, [with State Farm] providing equipment, material comfort and counsel.  State Farm directly and indirectly participated in the conspiracy to violate and interfere with our civil rights with purposeful intent, to defeat and deny us the equal protection under the law and injure us and our property.  They allowed, furnished and directed the Zwirners to take pictures, engage in computer generated harassing phone calls, using the same computers to perpetrate and concoct the conspiracy with defendant Lacey.

Amended Complaint (document no. 14) at para. 6.  See also Plaintiffs' Response to Defendant State Farm Insurance Co.'s Motion for More Definite Statement (document no 13) at para. 4 ("State Farm directly and indirectly participated in the

4

conspiracy to violate and interfere with our civil rights, with the purposeful intent to deny us equal protections of the law and injure us and our property.").

The essence of an unlawful civil conspiracy is an agreement to achieve some unlawful end or to achieve a lawful goal by unlawful means, accompanied by an overt act taken in furtherance of that agreement. See, e.g., Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988) ("A civil rights conspiracy as commonly defined is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.") (citations and internal quotation marks omitted). Unfortunately, plaintiffs' three-page objection to summary judgment does little more than repeat plaintiffs' conclusory claims of conspiratorial misconduct on the part of State Farm; it is not supported by any affidavits, relevant deposition testimony, answers to interrogatories, computer records, or any other documentary evidence that might

5

suggest that State Farm participated in any sort of conspiracy to deprive plaintiffs of their federally protected rights.

In short, nothing in plaintiffs' objection identifies any evidence even remotely supportive of their assertion that State Farm conspired with, and/or provided material support and encouragement to, one or more defendants to violate plaintiffs' civil rights or to deprive them of rights guaranteed by the FHA. Defendant State Farm Mutual Auto Insurance Co.'s motion for summary judgment (document no. 57) is, therefore, granted. See generally Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) ("Though we are mindful that pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements.") (citation omitted).

II. Defendant Lacey's Discovery Motions.

Defendant Kim Lacey moves the court to sanction plaintiffs for their alleged failure to comply with the discovery disclosure requirements of Fed. R. Civ. P. 26. Specifically, she seeks an order dismissing plaintiffs' claims, a monetary sanction, an

award of reasonable attorneys' fees, or, at a minimum, an order compelling plaintiffs to comply with their discovery obligations. In support of her motion, Lacey says:

> According to the Order issued after [the preliminary pretrial conference], initial disclosures as required under Fed. R. Civ. P. 26(a)(1) were due on January 15, 2003. Each defendant complied with that deadline.
>
> Plaintiffs did not comply with the Order of this Court or with the Federal Rules. The disclosure documents plaintiffs filed did not identify what knowledge listed witnesses had or their connection with the case, did not provide copies or a listing of documents relevant to the case held by plaintiffs, and did not calculate any damages or provide documents relating to damages. In an attempt to resolve this matter with the Court, Defendant Lacey, via counsel, informed plaintiffs on two occasions that their disclosures were deficient. . . . Despite these requests, plaintiffs have refused to respond or to provide supplemental information to bring their disclosures into conformity with Fed. R. Civ. P. 26.

Memorandum in Support of Motion for Sanctions (document no. 69) at 2. Counsel for Patricia Zwirner also notified plaintiffs (on several occasions) that their initial disclosures failed to comply with Rule 26, apparently to no avail. See, e.g., Exhibit A to document no. 78, Letter of Attorney Desmaris dated January 20, 2003.

Based upon plaintiffs' repeated invocation of both the Federal and Local Rules, it is clear that they possess copies of, and have read at least portions of, those rules. And, the initial disclosure requirements of Rule 26(a)(1) are clear and unambiguous, as was the court's pretrial order dated December 16, 2002 (document no. 35). To the extent plaintiffs might reasonably have misinterpreted their disclosure obligations under the Federal Rules, defense counsel have repeatedly explained those obligations to them. Nevertheless, plaintiffs have demonstrated a steadfast unwillingness (or inability) to comply.

In light of the foregoing, Lacey's three pending motions for sanctions (document nos. 69, 75, and 76) are granted in part and denied in part. To the extent they seek an order compelling plaintiffs to comply with their discovery obligations under Rule 26, those motions are granted. In all other respects, they are denied.

On or before **March 31, 2003**, plaintiffs shall serve upon defendants an amended initial disclosure of discovery that complies with the requirements of Rule 26(a)(1). Failure to

8

comply with this order may result in dismissal of the complaint or imposition of monetary sanctions and, if appropriate, an award of attorneys' fees incurred in pursuing discovery that should have been disclosed under Rule 26.

III. <u>Pro Se Plaintiffs' Various Motions</u>.

Finally, there are several pending motions submitted by plaintiffs, which are resolved as follows.

A. <u>Motion to Order Defendants for Depositions</u>.

The motion (document no. 67) is denied. The parties shall consult, in good faith, and agree to a timetable for the taking of relevant depositions. It probably bears noting that it is <u>not</u> good faith for plaintiffs, as they have done, to notice the deposition of a defendant to be taken at the federal court on a federal holiday, without first consulting with defense counsel in an effort to schedule the deposition at a mutually convenient time and location.

B.    Motions to Strike and for Sanctions.

The motions (document nos. 70, 73, and 80) are denied. Although it is not entirely clear why plaintiffs believe defendants should be sanctioned, they seem to focus on their claim that defendants have repeatedly served only a single copy of court filings upon them, rather than two copies - one for each plaintiff.  Plaintiffs are, however, married, living together at the same address, and are jointly pursuing their claims against defendants (as well as their numerous motions for various relief – they do not file separate motions but join in one pleading).

Service upon plaintiffs of a single copy of each submission made to the court shall be deemed sufficient unless and until plaintiffs demonstrate that there has been a material change in circumstances warranting the service of separate copies of court filings upon each of them.  Absent such a showing, plaintiffs shall refrain from filing any further "motions to strike" based upon allegedly deficient service if the sole basis for such a motion is plaintiffs' claim to have received only a single copy of the subject document.

C.   Motion for Default Judgment for Failure to Answer Interrogatories.

The motion (document no. 81) is denied as moot, since plaintiffs were provided with the requested interrogatories within days after having filed the motion.

Parenthetically, the court notes that, at least as of the date on which plaintiffs filed their most recent motion for default judgment, they had failed to provide defendants with timely responses to interrogatories propounded upon them, failed to provide defendants with a timely (and complete) initial discovery disclosure under Rule 26(a)(1), and failed to respond to several inquiries by defendants as to numerous proposed dates on which to take various depositions - all notwithstanding several cordial and professional letters of inquiry from defense counsel.  So, while complaining that defendants failed to provide timely discovery, plaintiffs seem to have wholly disregarded their own discovery obligations.

In light of their unfamiliarity with the customs and practices of trained attorneys, and their demonstrated unwillingness (or inability) to comply with the procedural rules

11

governing discovery, it would certainly seem that plaintiffs would be better served in this proceeding by adopting a less aggressive posture toward defense counsel, at least as to matters that would appear to lend themselves to peaceful resolution through cooperation with those who are more familiar with federal litigation practice. Eventually, failure to do so will likely expose plaintiffs to sanctions and/or an order compelling them to pay defendants' attorneys' fees.

## Conclusion

To date, the court has afforded the pro se plaintiffs in this case a wide degree of latitude and has made a substantial effort to accommodate their lack of formal legal training. It would also appear that defense counsel have done the same. Plaintiffs' pro se status does not excuse them from complying with the federal rules, nor does it confer upon them an unfettered license to file unsupported, baseless, or frivolous motions, thereby causing defendants to needlessly incur additional attorneys' fees and the court to unnecessarily tie up judicial resources. The court of appeals for this circuit has made that point quite clear:

12

>A pro se litigant, like any litigant, is guaranteed a meaningful opportunity to be heard.  While courts have historically loosened the reins for pro se parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.  The Constitution does not require judges - or agencies for that matter - to take up the slack when a party elects to represent himself. . . . Indeed, there is a long line of authority rejecting the notion that pro se litigants in either civil or regulatory cases are entitled to extra procedural swaddling.

Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (citations and internal quotation marks omitted).

Plaintiffs have very nearly exhausted their allotment of goodwill and patience.  Henceforth, they shall be expected to comply with all procedural rules, including, in particular, those applicable to discovery.  All future motions submitted by plaintiffs' **shall be accompanied by a certification** that plaintiffs attempted, in good faith, to resolve any disputes with defense counsel <u>before</u> seeking judicial intervention.  <u>See</u> Local Rule 7.1(c).[1]  Should plaintiffs fail to do so, the motion will

---

[1]  Contrary to plaintiffs' apparent understanding, motions to compel, for sanctions, and to strike are not dispositive and,

13

be stricken from the docket and returned.  And, should plaintiffs file any future motions that are frivolous or otherwise lack a reasonable (and rational) basis in fact and law, they should be prepared to pay the attorneys' fees incurred by defendants in responding to such a motion.  While plaintiffs no doubt believe in the merit of their case, they cannot expect to use the process itself to somehow punish defendants.

Finally, a copy the New Hampshire Bar Association's Litigation Guidelines (adopted December 2, 1999) (available at http://www.nhbar.org/pdfs/litguide.pdf) is attached to this order.  Those guidelines, to the extent they are not inconsistent with the Federal Rules of Civil Procedure and this court's Local Rules, are hereby adopted as a standing pretrial order in this case.  Accordingly, the parties (pro se plaintiffs, in particular) shall familiarize themselves with all aspects of those guidelines and shall comport their conduct with them from

therefore, must be accompanied by the Rule 7.1 certification.  To avoid any future confusion on this matter, before filing any motion with the court, plaintiffs shall make a good faith effort to secure the concurrence of all defense counsel; all future motions filed by plaintiffs (whether they are "dispositive" or "non-dispositive") shall be accompanied by the certification described above.

this point forward.  The guidelines will be enforced and violations will be dealt with promptly.

As discussed more fully above, the presently pending motions are resolved as follows:

1.   Defendant State Farm's motion for summary judgment (document no. 57) is granted and judgment shall be entered in favor of State Farm as to all claims pending against it.

2.   Plaintiffs' motion to order depositions (document no. 67) is denied.

3.   Defendant Lacey's motions for sanctions (document nos. 69, 75, and 76) are granted in part and denied in part, as explained above.

4.   Plaintiffs' motions to strike (document nos. 70, 73, and 80) are denied.

5.   Plaintiffs' motion to for default judgment (document no. 81) is denied.

Plaintiffs shall, on or before **March 31, 2003,** serve upon defendants an amended initial disclosure of discovery that complies with the requirements of Rule 26(a)(1).

15

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 10, 2003

cc:  Baboucar B. Taal
     Guylaine L. Taal
     Wilfred J. Desmarais, Jr., Esq.
     Christopher J. Pyles, Esq.
     Russell F. Hilliard, Esq.